544 So.2d 97 (1989)
Ernest STEVENS, Plaintiff-Appellant,
v.
The COCA-COLA COMPANY, et al, Defendants-Appellees.
No. 88-118.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Preston N. Aucoin, Ville Platte, for plaintiff/appellant.
Gold, Weems, Peggy St. John, Alexandria, Session, Fishman, Walter C. Thompson, Jr., New Orleans, for defendants/appellees.
Before GUIDRY, DOUCET, and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Ernest Stevens, filed a lawsuit seeking damages against defendants, The Bunkie Coca-Cola Bottling Co. (the bottling company) and The Coca-Cola Company (Coke). Stevens allegedly sustained injuries when he swallowed glass contained in a bottle of "Coca-Cola Classic." The trial court dismissed Stevens' claim against the two defendants finding that he did not prove by a preponderance of the evidence that he ingested any foreign substance in the beverage. Stevens now appeals. We affirm.

FACTS
Stevens purchased a 10 ounce bottle of "Coca-Cola Classic" at Dalbis' Meat Market in Ville Platte. He returned home and began drinking the beverage while watching television with his wife. Stevens soon discovered that a gritty substance was contained in the bottle. He alleges that the substance was glass.

ISSUE ON APPEAL
Stevens asserts that the trial court committed manifest error in not finding that he proved his case by a preponderance of the evidence. He argues that we should reverse that decision and award damages to him.[1]
*98 The record indicates the Stevens went to see Dr. Thomas Soileau the day after drinking the Coke. He claimed to have a scratching feeling in his throat; although, in his trial testimony, Stevens conceded that he was "feeling more scared than feeling bad." Dr. Soileau examined Stevens and could find no objective evidence of any injury. Dr. Soileau arranged for Stevens to see Dr. John Roy Andrus, an internist. Dr. Andrus performed a rectal examination on Stevens and also took x-rays. He, too, found no evidence of injury. Stevens was supposed to return for further tests, but did not.
There were several inconsistencies in plaintiff's testimony. He claimed that a representative of the bottling company took the Coca-Cola bottle from him after confirming that there were glass particles in the bottle, and that this individual poured some of the glass particles into a glass container kept by plaintiff.[2] At trial, plaintiff produced this container and claimed that either he or his wife had kept the container in their custody. However, it was brought out during trial that the container had actually been kept at Stevens' attorney's office. Stevens also stated at trial that he had missed 10-14 days of work due to his injuries. However, this testimony was impeached by defense counsel who introduced a statement made by Stevens at a deposition saying that he had not missed any work. The defense also attempted to impeach Stevens' credibility by pointing out that he was previously convicted for distribution of a controlled dangerous substance.
After reviewing the evidence in the record, we agree with the trial court that Stevens failed to prove his case by a preponderance of the evidence. His testimony was at times inconsistent. The testimony of Stevens' witnesses simply supported the defendants' contentions that he suffered no injury. Based upon these facts, we do not find the trial court's factual findings to be manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). The trial court was able to view the demeanor of the witnesses. Its assessment of their credibility is given great weight. Vascocu v. Singletary, 434 So.2d 597 (La.App. 3d Cir.1983). We agree with the trial court's credibility assessments in this case.
For the foregoing reasons, the decision by the trial court dismissing plaintiff's claims against both defendants is affirmed. Costs of this appeal are taxed to plaintiff, Ernest Stevens.
AFFIRMED.
NOTES
[1] Since we find that plaintiff failed to meet his burden of proof, we do not address Coke's assertion that it cannot be held liable to plaiintiff as it simply provided a component part (the syrup) and was not the manufacturer of the entire product. Nor do we address the bottling company's assertion that it cannot be held liable to plaintiff because he offered no proof that it was the bottler of the Coca-Cola beverage in question.
[2] Plaintiff did not produce this person at trial and could not recollect his name.